**C.T., Appellant,**

v.

**J.S. and C.B., Appellees.**

**No. S–8056.**

Supreme Court of Alaska.

Jan. 16, 1998.

Helen L. Simpson, Law Office of Helen L. Simpson, Anchorage, for Appellant.

No appearance by Appellees.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

COMPTON, Justice.

### I. INTRODUCTION

C.T. appeals from the denial of her motion, brought pursuant to Alaska Civil Rule 60(b)(4) and Alaska Adoption Rule 17(a), to set aside the adoption of her daughter. We vacate the decree of adoption and remand.

### II. FACTS AND PROCEEDINGS

C.T. and C.B. lived together, on and off, in a "marriage-like relationship" from approximately October 1987 through August 1993. C.T. gave birth to a child (J.T.) in March 1987.[1] C.T. represented to J.T. that C.B. was J.T.'s father. In 1994 C.B. and C.T. disputed custody of J.T. Blood tests revealed that C.B. is not J.T.'s biological father. J.T.'s biological father is J.S. has had no relationship with J.T.

C.B. and J.S. jointly filed an action to terminate J.S.'s parental rights and declare J.T. adopted by C.B. C.T. refused to consent to the adoption. The trial court held that C.T. was equitably estopped from withholding her consent to the adoption because of her prior representations to J.T. that C.B. is J.T.'s biological father. The court then decreed J.T. adopted by C.B. C.T.'s motion for reconsideration was denied. C.T. next moved to set aside the decree of adoption under Civil Rule 60(b)(4)[2] and Adoption Rule 17(a),[3] arguing that the adoption was void. That motion was also denied. C.T. appeals.

### III. STANDARD OF REVIEW

The issue before this court is one of law. We review questions of law de novo. Guin v. Ha, 591 P.2d 1281, 1284 n. 6 (Alaska 1979). We are not bound by the lower court's decision, but have the duty to "adopt the rule of

---

1. The trial court's findings of fact are inconsistent. They state that J.T. was born on March 27, 1987, that the relationship between C.B. and C.T. began in October 1987, and that J.T. was born during that relationship. Given the context of this case, it seems likely that J.T. was born during the relationship and that the trial court mistook either J.T.'s birthdate or the start date of the relationship.

2. Civil Rule 60(b)(4) reads "On motion and upon such terms as are just, the court may relieve a

party ... from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void."

3. Adoption Rule 17(a) reads:

A person may move to set aside the decree [of adoption] by filing a motion stating the grounds for challenging the validity of the decree.... [T]he burden is on the party challenging the decree to show by a preponderance of the evidence that the decree is not valid.

law that is most persuasive in light of precedent, reason and policy." *Id.*

## IV. DISCUSSION

### *Was the Trial Court Permitted to Equitably Estop C.T. from Withholding Consent to Her Daughter's Adoption?*

Alaska Statute 25.23.040 provides in part that "[u]nless consent is not required under AS 25.23.050, a petition to adopt a minor may be granted only if written consent to a particular adoption has been executed by ... the mother of the minor." No one suggests that any of the exceptions in AS 25.23.050 applies in this case. The only question is whether the trial court permissibly circumvented the consent requirement by equitably estopping C.T. from asserting her statutory right to withhold consent. If not, then the adoption decree is void for lack of subject matter jurisdiction, and should have been set aside under Civil Rule 60(b)(4) or Adoption Rule 17(a). *See In the Matter of the Adoption of K.S.*, 543 P.2d 1191, 1194 (Alaska 1975) ("K.S.'s mother was unwilling to give the consent required by AS 20.10.020(3); thus the trial court was without jurisdiction to grant the petition for adoption unless one of the exceptions to consent enumerated in AS 20.10.040 were applicable.").[4]

The test for determining whether a person may be equitably estopped from asserting a right is set forth in *Jamison v. Consolidated Utilities, Inc.*, 576 P.2d 97, 101–02 (Alaska 1978):

> There is a species of estoppel ... which precludes a party from taking a position inconsistent with one he has previously taken where circumstances render assertion of the second position unconscionable. The general elements required for the application of the doctrine of equitable estoppel are the assertion of a position by conduct or word, reasonable reliance thereon by another party, and resulting prejudice.

C.T. contends that a trial court may never dispense with a mother's consent to the adoption of her child on the ground of equitable estoppel. We need not reach this question—the trial court misapplied the equitable estoppel doctrine in any event.

The trial court found that C.T. represented to J.T. that C.B. is J.T.'s father. It is upon this representation that C.B. and J.T. may have reasonably relied. It is this representation that resulted in arguable prejudice to J.T. No one suggests that C.T. represented, at any time, that she would consent to C.B. adopting J.T.

We agree with C.T. that "[i]t is just not logical that the mother's holding out to her daughter that C.B. was her father has anything to do with adoption." Since C.T. never represented that she would consent to C.B. adopting J.T., the court could not estop her from withholding her consent to that adoption. Its ruling to the contrary constitutes error.

## V. CONCLUSION

The trial court erred in estopping C.T. from withholding her consent to J.T.'s adoption. Since the mother did not consent, the adoption decree is void for lack of subject matter jurisdiction. It should have been set aside under Civil Rule 60(b)(4) or Adoption Rule 17(a). We VACATE the decree of adoption and REMAND the case with directions to dismiss the petition for adoption.

---

**4.** AS 20.10.020 and AS 20.10.040 are former versions of current AS 25.23.040 and AS 25.23.050, respectively.